IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SUNDAY ALEXANDER, *et al.*

   *Plaintiffs,*

   v.

MARKET STREET
MANAGEMENT, LLC, *et al.*

   *Defendants.*

Civil Action No.: ELH-15-02563

**MEMORANDUM**

On August 31, 2015, plaintiffs Sunday Alexander and Heather Hensley filed suit against Market Street Management, LLC; Volt II LLC; Bryan Voltaggio; and Hilda Staples, asserting claims under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), and the Maryland Wage and Hour Law, Md. Code, §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E."). After suit was filed, Lowell Branham Thomas filed a Notice of Consent to Become a Party Plaintiff. ECF 5.

Although summonses have been issued (ECF 2), the docket does not contain any indication of service upon defendants. No defendant has responded to the suit, nor has counsel entered an appearance on behalf of any defendant.

On September 21, 2015, plaintiffs filed a "Motion For Leave To File An Amended Complaint." ECF 6. In the proposed Amended Complaint, plaintiffs seek to remove Market Street Management, LLC and Volt II LLC as defendants. But, plaintiffs seek to add two defendants: BAR 228 LLC and FM BMORE LLC. In addition, they seek to add claims under the Maryland Wage Payment and Collection Act, L.E. §§ 3-501, *et seq.* In addition, they seek to

name Branham Thomas as a plaintiff.  *See* ECF 6-2 (Redlined version of proposed Amended Complaint).

In the Motion, plaintiffs assert, ECF 6 ¶ 7:  "Plaintiffs' [sic] have notified Defendants' counsel of the Amended Complaint.  Defendants dispute the allegations raised therein.  As such, Defendants oppose the filing of the Amended Complaint."

In the posture of this case, disagreement with factual allegations is not a sound basis to oppose amendment of a law suit.  In any event, Fed. R. Civ. P. 15(a) provides, in part:  "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ."  As noted, there is no indication here that service has been made.  Therefore, plaintiffs do not require the consent of defendants, nor do they require court approval, in order to amend their suit.

In any event, Rule 15(a)(2) provides:  "The court should freely give leave when justice so requires."  This case is literally at its inception; suit was filed less than one month ago.  Thus, there is no conceivable prejudice to defendants stemming from the amendment.  Indeed, any objection to the proposed amendment at this very early stage in the case would be frivolous.

Accordingly, I shall GRANT plaintiffs' Motion For Leave To File An Amended Complaint (ECF 6).

An Order follows.


Date:  September 22, 2015                               /s/
                                                 Ellen L. Hollander
                                                 United States District Judge