## SETTLEMENT AGREEMENT
## AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims (the "Agreement") is made by and between Plaintiffs Sunday Alexander, Heather Hensley and Branham Thomas (collectively "PLAINTIFFS") and Bar 228, LLC ("Bar 228"), FM BMORE, LLC ("FM BMORE"), Bryan Voltaggio and Hilda Staples (collectively "DEFENDANTS"), all collectively referred to as the "Parties."

**WHEREAS**, PLAINFIFFS allege that DEFENDANTS did not compensate them for overtime hours they worked and did not pay the minimum wage based on the hours they worked.

**WHEREAS**, on or about August 31, 2015, PLAINTIFFS filed an action in the United States District Court for the District of Maryland, Case No. 1:15-cv-02563-ELH ("the Lawsuit").

**WHEREAS**, DEFENDANTS have denied each and every allegation and state that PLAINTIFFS have been paid properly for all hours worked.

**WHEREAS,** the Parties desire to enter into this Agreement to resolve all issues related to the Lawsuit.

**NOW, THEREFORE** in consideration of the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby agree as follows:

1.      _Recitals_. The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2.      _**Consideration**_. In return for the promises in this Agreement, DEFENDANTS agree to pay the following:

| | |
|---|---|
| Sunday Alexander | $1,656.00, less deductions |
| Heather Hensley | $1,404.00, less deductions |
| Branham Thomas | $480.00, less deductions |
| | |
| The Law Offices of Peter T. Nicholl | $15,678.00 |

The payments described above will be made upon the expiration of thirty (30) days following receipt of a fully executed counterpart original of this Agreement, Forms W-4 and W-9 for Plaintiffs, and an Order from the court approving the settlement. One half (1/2) of the amount paid to each PLAINTIFF will be wages subject to a form W-2 and one half (1/2) will be other income subject to a form 1099.  The payment for attorneys' fees and costs will be issued with a W-9, which will be completed by The Law Offices of Peter T. Nicholl.

3.      _**No Consideration Absent Execution of this Agreement**_. PLAINTIFFS understand that DEFENDANTS will not be obligated to forward any Settlement Payment provided for in this Agreement unless and until they sign this Agreement and agree to fulfill the promises contained herein.

1

4.     ***No Other Entitlement***.  PLAINTIFFS acknowledge that they are not entitled to any compensation, benefits, or other payments except as set forth in this Agreement. PLAINTIFFS agree that they have been properly compensated for all hours worked and that they are not due any additional compensation under the Fair Labor Standards Act or Maryland's Wage and Hour Laws.

5.     ***General Release of Claims.***

In consideration of the settlement monies set forth above, PLAINTIFFS hereby release and forever discharge DEFENDANTS from any claim, demand, right, action or cause of action, of whatever nature or kind, in law, equity, administrative proceedings, or otherwise, whether based upon any law, statute, ordinance, rule, regulation, common law, or otherwise, or any entitlement to attorneys' fees, costs or expenses, and from any other matter under any other theory, whether known or unknown, suspected or claimed, liquidated or unliquidated, absolute or contingent, which arose or occurred at any time prior to the date PLAINTIFFS signed this agreement, including, but not limited to, any claim, demand, right, or cause of action relating in any way to PLAINTIFFS' employment, or the termination thereof, by DEFENDANTS.  Without restricting the foregoing, this Release includes:  (1) any claim brought under any federal, state, or local fair employment practices law, including, but not limited to: Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA); the Employee Retirement Income Security Act (ERISA), the Fair Labor Standard Act (FLSA) and the Equal Pay Act (EPA); (2) any claim brought under any state or federal law regarding wages, benefits, or employment practices; (3) any contract claims; (4) any intentional or unintentional tort claims, including, but not limited to: defamation, libel, slander, abusive or wrongful discharge, fraud or misrepresentation; and (5) any claims alleging retaliation and/or any whistleblower claims.  This release does not have any effect on the DEFENDANTS' obligations under this agreement, any claims PLAINTIFFS are prohibited by law from waiving, or any right or claim that may arise after this agreement is executed.  This waiver has no effect on 401K or pension plan benefits.

Nothing in this Agreement shall prevent, impede or interfere with either Party's right, where applicable, to file, or participate in any investigative proceeding by any federal, state or local government agency.  For purposes of this section and the next two paragraphs, "DEFENDANTS" shall include its affiliates, parent, subsidiaries, its present and former officers, agents, directors, employees, shareholders and board members, and their representatives or agents; and "PLAINTIFFS" shall include PLAINTIFFS' agents, representatives, successors, heirs and assigns.

6.     ***Indemnification.***  PLAINTIFFS acknowledge and agree that they are solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, that may at any time be found to be due upon or as a result of the 1099 portion of the Settlement Payment. Accordingly, PLAINTIFFS agree to indemnify and hold harmless the DEFENDANTS from any tax liability, including penalties and interest of any proceedings.

7.     ***No Re-employment***.  Each PLAINTIFF agrees that in exchange for the consideration identified in Paragraph 2, he or she will not apply or reapply for employment with Bar 228, FM BMORE and/or their affiliates that are known at the time he or she makes

application for employment. The Parties acknowledge that Bar 228, FM BMORE and/or their affiliates have no obligation to re-employ PLAINTIFFS.

8.    _**Governing Law and Interpretation**_. This Agreement shall be governed in accordance with the laws of the State of Maryland.

9.    _**No Admission of Wrongdoing**_.  PLAINTIFFS agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by DEFENDANTS of any liability or unlawful conduct of any kind.

10.    _**Voluntary Agreement.**_ By voluntarily executing this Agreement, each PLAINTIFF confirms that he or she is relying upon his or her own judgment and the advice of any attorney he or she has consulted, and not on any recommendations or representations of DEFENDANTS or any of their agents or representatives. By voluntarily executing this Agreement, each PLAINTIFF confirms his or her competence to understand and does hereby accept all terms and conditions of this Agreement as resolving fully all differences, disputes, claims, and potential claims between PLAINTIFFS and DEFENDANTS.

11.    _**Amendment.**_ This Agreement may not be modified, altered, or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

12.    _**Entire Agreement; Binding Effect.**_ This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. PLAINTIFFS acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with the decision to accept this Agreement, except for those set forth in this Agreement.

13.    _**Severability.**_ Each provision of this Agreement shall be considered severable. If any provision contained herein is held to be void, illegal, or unenforceable, such illegality or unenforceability shall not affect any of the other provisions herein, and the remaining provisions of this Agreement will continue to be given full force and effect, unless the absence of that provision materially alters the rights and obligations of the Parties.

14.    _**Remedies for Breach.**_ In the event that any Party brings an action against the other Party based on any claim released by this Agreement, DEFENDANTS may plead this Agreement in bar to any such action. Parties further acknowledge that the remedies at law for a breach or threatened breach of any of the provisions of this Agreement would be inadequate; in recognition of this fact, the Parties agree that in the event of a breach or threatened breach of this Agreement, in addition to any remedies at law, a Party, without posting any bond, shall be entitled to obtain equitable relief in the form of specific performance, a temporary restraining order, a temporary or permanent injunction, or any other equitable remedy which may then be available.

15.    _**Section Headings.**_   Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16.     ___*Counterparts.*___ The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily execute this Confidential Settlement Agreement and Mutual Release of All Claims as of the dates set forth below.

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**

**DEFENDANT BAR 228, LLC**

By: _____
Name:
Title:

Date: _____


**DEFENDANT FM BMORE, LLC**                 **DEFENDANT BRYAN VOLTAGGIO**

By:_____         _____
Name:
Title:                                       Date:_____
                                             March 3, 2016

Date:_____

**DEFENDANT HILDA STAPLES**

_____

Date:_____


**PLAINTIFF SUNDAY ALEXANDER**              **PLAINTIFF HEATHER HENSLEY**

_____            _____

Date:_____       Date:_____


**PLAINTIFF BRANHAM THOMAS**

_____

Date:_____

16.    *Counterparts.* The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily execute this Confidential Settlement Agreement and Mutual Release of All Claims as of the dates set forth below.

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**

**DEFENDANT BAR 228, LLC**

By: _H. Staples_
Name: _H. Staples_
Title: _Partner_

Date: _3.3.16_

**DEFENDANT FM BMORE, LLC**

By: _H. Staples_
Name: _H. Staples_
Title: _Partner_
Date: _3.3.16_

**DEFENDANT HILDA STAPLES**

_H. Staples_
Date: _3.3.16_

**PLAINTIFF SUNDAY ALEXANDER**

_____

Date: _____

**PLAINTIFF BRANHAM THOMAS**

_____

Date: _____

**DEFENDANT BRYAN VOLTAGGIO**

_____

Date: _____

**PLAINTIFF HEATHER HENSLEY**

_____

Date: _____

4

16.    _Counterparts._ The Parties agree that this document can be signed in counterparts and that a facsimile or portable document file (.pdf) of a version of this Agreement shall be given the same force and effect as an original signature.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily execute this Confidential Settlement Agreement and Mutual Release of All Claims as of the dates set forth below.

**THIS IS A GENERAL RELEASE AND WAIVER OF CLAIMS. YOU ARE ADVISED TO READ AND CONSULT WITH LEGAL COUNSEL PRIOR TO SIGNING.**

**DEFENDANT BAR 228, LLC**

By: _____

Name:

Title:

Date: _____

**DEFENDANT FM BMORE, LLC**                     **DEFENDANT BRYAN VOLTAGGIO**

By:_____                     _____

Name:

Title:                                          Date:_____

Date:_____

**DEFENDANT HILDA STAPLES**

_____

Date:_____

**PLAINTIFF SUNDAY ALEXANDER**                  **PLAINTIFF HEATHER HENSLEY**

_Sunday L. Alexander_                           _Heather Hensley_

Date: _March 7 2016_                            Date: _3/7/16_

**PLAINTIFF BRANHAM THOMAS**

_Branham Thomas_

Date: _3/7/16_

4